IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:16-CR-29-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| JUAN RAMIREZ MARTINEZ, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's pro se motion to clarify sentence (DE 94). The government did not respond to the motion and in this posture the issues raised are ripe for decision.

On October 5, 2016, the court sentenced defendant to aggregate term of 128 months' imprisonment following his convictions for various drug and firearm offenses. In the instant motion, defendant argues the court failed to run his federal sentence concurrent with a state sentence he was serving at the time of federal sentencing. Contrary to defendant's argument, the court declined to run the sentences concurrently. (See Sent'g Tr. (DE 94-1) at 7–8). Therefore, the court's statement at sentencing that defendant would receive credit for time served applied only to pretrial custody time that was not credited to the state sentence. See 18 U.S.C. § 3585(b). In other words, to the extent defendant's pretrial custody time was applied to the state sentence, that time cannot be credited to the federal sentence where the court declined to run the sentences concurrently. See id.

In addition, the court cannot award a specific amount of prior custody credit at sentencing. The Federal Bureau of Prisons ("FBOP") calculates defendant's prior custody credit in the first instance. See United States v. Wilson, 503 U.S. 329, 331–37 (1992). If defendant believes the

FBOP failed to award him the proper amount of prior custody credit, he must challenge the decision through the FBOP's administrative remedy procedure, and exhaust all administrative appeals, before seeking relief in federal court. See Wilson, 503 U.S. at 335–36. After exhausting administrative remedies, defendant may challenge the FBOP's calculation by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 in his district of confinement, which is presently the Southern District of Florida. See Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004); In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 2000) (en banc).

Based on the foregoing, defendant's motion to clarify sentence (DE 94) is DENIED.

SO ORDERED, this the 31st day of May, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge